FILED
RICHARD W. NAGEL
CLERK OF COURT

2020 FEB 11 PM 1:29

U.S. DISTRICT COURT
SOUTHERN DIST. OHIO
EAST. DIV. COLUMBUS

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF INFORMATION ASSOCIATED WITH BEUGLING@GMAIL.COM THAT IS STORED AT PREMISES CONTROLLED BY GOOGLE | Case No. 20 mj 95 <br><br> **Filed Under Seal** |

### APPLICATION FOR ORDER COMMANDING GOOGLE NOT TO NOTIFY ANY PERSON OF THE EXISTENCE OF WARRANT

The United States requests that the Court order GOOGLE not to notify any person (including the subscribers and customers of the account(s) listed in the warrant) of the existence of the attached warrant until further order of the Court.

GOOGLE is a provider of an electronic communication service, as defined in 18 U.S.C. § 2510(15), and/or a remote computing service, as defined in 18 U.S.C. § 2711(2). Pursuant to 18 U.S.C. § 2703, the United States obtained the attached warrant, which requires GOOGLE to disclose certain records and information to the United States. This Court has authority under 18 U.S.C. § 2705(b) to issue "an order commanding a provider of electronic communications service or remote computing service to whom a warrant, subpoena, or court order is directed, for such period as the court deems appropriate, not to notify any other person of the existence of the warrant, subpoena, or court order." *Id.*

In this case, such an order would be appropriate because the attached warrant relates to an ongoing criminal investigation that is neither public nor known to all of the targets of the investigation, and its disclosure may alert the targets to the ongoing investigation. Accordingly, there is reason to believe that notification of the existence of the attached warrant will seriously jeopardize the investigation or unduly delay a trial, including by giving targets an opportunity to flee or continue flight from prosecution, destroy or tamper with evidence, change patterns of

behavior, intimidate potential witnesses, or endanger the life or physical safety of an individual. *See* 18 U.S.C. § 2705(b). Some of the evidence in this investigation is stored electronically. If alerted to the existence of the warrant, the subjects under investigation could destroy that evidence, including information saved to their personal computers.

WHEREFORE, the United States respectfully requests that the Court grant the attached Order directing GOOGLE not to disclose the existence or content of the attached warrant until further order by the Court, except that GOOGLE may disclose the attached warrant to an attorney for GOOGLE for the purpose of receiving legal advice.

The United States further requests that the Court order that this application and any resulting order be sealed until July 31, 2020, or until further order of this Court. As explained above, these documents discuss an ongoing criminal investigation that is neither public nor known to all of the targets of the investigation. Accordingly, there is good cause to seal these documents because their premature disclosure may seriously jeopardize that investigation.

Executed on 02/11/20.

DAVID M. DEVILLERS
United States Attorney

Michael Hunter
Assistant United States Attorney